**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Kristopher Lionel Goldtooth,<br><br>　　　　　Defendant. | No. CR-19-08108-PCT-DGC<br><br>**ORDER** |

Defendant Goldtooth is charged with six felony counts. Doc. 3. He has filed a motion to sever the case into three trials: one on Counts 1 through 4 (three felon in possession counts and one possession of methamphetamine count), another on Count 5 (felon in possession), and a third on Count 6 (first degree murder). Doc. 37. The government has filed a response (Doc. 51) and Defendant has not filed a reply. No party requests oral argument. The Court will deny Defendant's motion.

**I.　Background.**

The government provides this summary of the allegations, which Defendant has not disputed. Doc. 51. In April 2019, in a hogan full of people, Defendant shot a man in the face with a shotgun and killed him. The victim was rolled in sheets and a shower curtain and stuffed in a barrel. Defendant fled the scene and left the murder weapon behind.

Defendant is a convicted felon and, in the month before the murder, was found with guns or ammunition on three separate occasions. On one occasion, Defendant crashed a

stolen vehicle and fled, leaving a rifle in the trunk. On another, Defendant was pulled over and admitted to the officer that there was a shotgun in the car. The officer also found a revolver, two bags of methamphetamine, a digital scale, and small baggies in the car. On a third occasion, Defendant was pulled over and found with ammunition in his pocket.

The indictment charges four dates of offense. Doc. 3. On each date, Defendant is charged with being a felon in possession of firearms or ammunition. On one of the dates, he is also charged with first degree murder, and on another he is charged with possession with intent to distribute methamphetamine.

## II.   Joinder Under Rule 8.

Rule 8 provides for joinder of two or more offenses that are (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). The validity of joinder "'is determined solely by the allegations in the indictment.'" *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (quoting *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990)). Courts construe Rule 8 broadly in favor of joinder. *Id.* at 573.

The four felon in possession counts are properly joined because they are "of the same or similar character." *See United States v. Harris*, 686 Fed. App'x 474, 476 (9th Cir. 2017) (upholding joinder of counts "which charged the same crime" because they were "of the same or similar character") (citing *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001)). The first degree murder count is properly joined because it is based on the "same act or transaction" as one of the felon in possession counts, and the drug count is properly joined for the same reason. The government also notes that the counts involve overlapping evidence, and thus the interests of judicial economy "strongly support[]" joining the charges in a single trial. *Lopez*, 477 F.3d at 1117.

## III.   Severance Under Rule 14.

Rule 14 states that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.

R. Crim. P. 14(a). "Severance is appropriate under Rule 14 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Defendant notes that the first degree murder charge is the most serious, and argues that he will be prejudiced on that charge if the jury also knows he is a felon and possessed firearms on other occasions. Doc, 37 at 4. The Court is not persuaded.

As the government notes, Defendant admitted in an interview with law enforcement that he brought a shotgun to the hogan on the evening when the victim was killed, fired it, and reloaded it before someone else used the gun to shoot the victim. Doc. 51 at 2. Thus, the jury hearing the first degree murder count will know that Defendant possessed and discharged a firearm that evening.

With respect to the felon in possession counts, the government and Defendant have agreed to stipulate to Defendant's status as a prohibited possessor. The government will not seek to introduce details of Defendant's prior convictions at trial unless Defendant raises the issue or it becomes otherwise admissible (if, for example, Defendant were to claim a peaceful character). *Id.* at 6.[1] Further:

> The government commits not to focus on the defendant's prior felony convictions at trial unless the defendant puts them into issue. The government will limit its presentation of evidence on this point to the parties' stipulation, and the government will only briefly mention the defendant's felony conviction in order to establish the element of the Felon in Possession charges. If the government believes the defendant has put his felon status at issue beyond this, the government will seek the Court's permission before addressing it further in front of the jury.

*Id.*

---

[11] If the first degree murder count was tried separately and Defendant claimed a peaceful character, the government likely would be allowed to introduce prior felonies to impeach that defense. A separate trial thus would not necessarily insulate Defendant from possible use of his prior convictions. *See also* Fed. R. Evid. 609.

The Ninth Circuit has noted that a jury's knowledge of a defendant's status as a felon is "not manifestly prejudicial." *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007) (footnote omitted); *see also United States v. Burgess*, 791 F.2d 676, 679 (9th Cir. 1986) (affirming conviction and noting that the defendant's "prior conviction was entered on the record by stipulation which simply stated that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Neither the nature of the crime nor the length of sentence was disclosed."). Given the parties' stipulation and the government's commitment not to expand on Defendant's felony convictions, as outlined above, the Court finds that undue prejudice will not result from trying the felon in possession counts with the murder and drug counts.

This finding is supported by the fact that the four felon in possession counts all arose on separate dates, which will allow the jury to segregate the evidence and arguments with respect to each count. The Court will also instruct the jurors carefully that they are to consider each count and its evidence separately, and that their verdict on one count should not affect their verdict on any other count. As the Ninth Circuit has explained, "our primary concern is whether the jury can reasonably be expected to 'compartmentalize the evidence' so that evidence of one crime does not taint the jury's consideration of another crime." *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987) (quoting *United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986)); *see also United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994) ("In assessing whether joinder was prejudicial, of foremost importance is whether the evidence as it relates to the individual defendants is easily compartmentalized."). Careful instructions and the separate dates of offenses will enable the jury to compartmentalize the evidence in this case.

A final consideration is the strength of the government's evidence on the various counts. The government asserts, and Defendant does not dispute, that the evidence against him is strong. Doc. 51 at 7. Defendant allegedly shot the victim in a hogan full of people, four of whom have identified him as the shooter. He admitted that he brought the shotgun to the hogan and reloaded it before the victim was killed. With respect to the felon in

possession counts, Defendant admitted to knowingly possessing the prohibited items. And for the drug count, Defendant admitted that he possessed methamphetamine, a scale, and baggies. *Id.* Given this evidence, the Court is not concerned that the jury may use evidence from one count to substitute for weak evidence on another count.

After reviewing Defendant's arguments and the nature of this case, the Court cannot find a serious risk that a joint trial will compromise a specific trial right of Defendant or prevent the jury from making a reliable judgment about guilt or innocence. *Stinson*, 647 F.3d at 1205.

**IT IS ORDERED** that Defendant's motion to sever (Doc. 37) is **denied**.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to run from March 30, 2020 to October 13, 2020.

Dated this 13th day of October, 2020.

_____
David G. Campbell
Senior United States District Judge