WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Kristopher Lionel Goldtooth,<br><br>Defendant. | No. CR-19-08108-PCT-DGC<br><br>**AMENDED ORDER** |

Defendant Kristopher Goldtooth is charged with six felony counts and has filed a motion to sever some of them under Federal Rule of Criminal Procedure 8(a).  Doc. 65.  The Court previously denied a motion to sever in this case (Doc. 52), but finds that new arguments raised in the recent motion warrant careful consideration.  The Court held oral argument on April 28, 2021, and will grant the motion for reasons stated below.

**I.     Allegations in the Indictment.**

Count 1 of the indictment charges Defendant, a convicted felon, with possessing a Savage model 93R17 rifle on or about March 13, 2019.  Doc. 3 at 1-2.

Counts 2 charges Defendant with possessing a Remington 870 Express shotgun and a Rohm Model RG 66 .22 caliber revolver on or about March 31, 2019.  *Id.* at 2.

Count 3 charges Defendant with possessing methamphetamine with intent to distribute on the same date as Count 2.  *Id.* at 2.

Count 4 charges Defendant with possessing .22 caliber ammunition on or about April 4, 2019. *Id.*

Count 5 charges Defendant with possessing a Mossberg Maverick Model #88 shotgun on or about April 24, 2019. *Id.* at 3.

Count 6 charges Defendant with unlawfully killing J.Y. with premeditation and malice aforethought on the same date as Count 5. *Id.*

The indictment provides no other factual detail about the alleged offenses. Although the parties proffer additional facts in their briefs, the Ninth Circuit has instructed that "'the validity of joinder is determined *solely* by the allegations in the indictment.'" *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (quoting *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990)) (emphasis added). The Court accordingly will confine its analysis to the few facts contained in the indictment.

**II.     Joinder Under Rule 8.**

Rule 8(a) permits joinder of two or more counts "if the offenses charged – whether felonies or misdemeanors or both – are [1] of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Court previously denied Defendant's motion to sever with this reasoning:

> The four felon in possession counts are properly joined because they are "of the same or similar character." *See United States v. Harris*, 686 Fed. App'x 474, 476 (9th Cir. 2017) (upholding joinder of counts "which charged the same crime" because they were "of the same or similar character") (citing *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001)). The first degree murder count [Count 6] is properly joined because it is based on the "same act or transaction" as one of the felon in possession counts [Count 5], and the drug count [Count 3] is properly joined [with Count 2] for the same reason.

Doc. 52 at 2.

Defendant's new motion argues that this reasoning is flawed because, under the plain language of Rule 8(a), it is not enough for the murder and drug counts to have a

Rule 8(a) connection to one of the felon in possession counts; they must have a connection to each of the counts with which they are joined. The question posed by Defendant's motion can be stated in this hypothetical: If Count A has a Rule 8(a) connection to Count B, and Count B has a Rule 8(a) connection to Count C, but Counts A and C have no Rule 8(a) connection, can Counts A and C be joined and tried together by virtue of their respective links to Count B? Surprisingly, there appears to be very little authority on this question. The parties' briefing cites no case on point; the Court's research has found three.[1]

In *United States v. Shellef*, 507 F.3d 82 (2d Cir. 2007), the government charged two defendants with wire fraud and conspiracy to defraud the IRS when they sold a chemical, CFC-113, and failed to disclose that the sales were subject to excise taxes. The government also charged one of the defendants, Shellef, with money laundering related to the wire fraud and conspiracy activities, with two 1996 tax crimes (personal income tax evasion and filing a false corporate tax return), and with a 1999 tax crime (filing a false tax return for another corporation). *Id.* at 87. Following their conviction on all counts, the defendants argued on appeal that it was error for the trial court to join the chemical-sales counts with the 1996 tax counts.

The Second Circuit found a Rule 8(a) connection between the 1996 and 1999 tax charges because they all concerned Shellef's relationship with an accounting firm. *Id.* at 98. It also found a Rule 8(a) connection between the 1999 tax charges and the wire fraud and conspiracy charges because the unreported 1999 income arose from the wire fraud and conspiracy. *Id.* at 99. But there was no Rule 8(a) connection between the 1996 tax charges and the wire fraud and conspiracy charges. *Id.* "Because commission of the alleged wire fraud and conspiracy neither depended upon nor necessarily led to the commission of the alleged 1996 tax misconduct[,] and proof of the one act neither constituted nor depended upon proof of the other, joinder was improper." *Id.* at 100 (brackets and quotation marks omitted). The charges were "not based on the same act or transaction, and are not

---

[1] The Advisory Committee Note to Rule 8 says nothing about this issue, and treatises consulted by the Court are similarly silent.

- 3 -

connected with and do not constitute parts of a common scheme or plan under Rule 8(a)." *Id.* (quotation marks and brackets omitted).

Significantly for our purposes, the Second Circuit expressly declined to find that the 1996 tax charges and the wire fraud and conspiracy charges could be joined because they each had a Rule 8(a) connection to the 1999 tax charges:

> We do not think, then, that the 1999 Tax Count – which might have been joined with either the 1996 Tax Counts or the conspiracy, wire fraud, and money laundering counts – provides an adequate link between the 1996 Tax Counts and the non-tax counts to justify joinder of all the charges against Shellef. The 1996 Tax Counts therefore should not have been joined with the remaining counts.

*Id.*

The district court in *United States v. Kerik*, 615 F. Supp. 2d 256 (S.D.N.Y. 2009), reached a similar conclusion. A former New York City police commissioner was charged with 15 counts of "conspiracy to commit mail and wire fraud, honest services fraud, substantive counts of mail and wire fraud, obstructing and impeding the due administration of federal tax laws, filing false income tax returns, and making false statements to the government." *Id*. at 260-63. The defendant moved for misjoinder under Rule 8(a), and the court found that "beyond the broad mantra of 'dishonesty,' Kerik's alleged conspiracy to defraud New York citizens of his honest services has nothing to do with, for example, his alleged failure to withhold payroll taxes from his nanny." *Id.* at 275. Addressing the issue in our case, the district court held that it was not enough for one count to have a Rule 8(a) connection to the next, and so on through the indictment: "the Government's 'daisy chain' of charges – linking one offense to the next, through common laws or facts, until all charges are included," was not "sufficient to attain joinder of these charges." *Id.* (citing *Shellef*, 507 F.3d at 100). Rule 8(a) does not permit joinder when "[t]he charges are not related to *all others* by time, actors, places, or subject matter." *Id.* at 275 (emphasis added).

In *United States v. Delle Donna*, 552 F. Supp. 2d 475 (D.N.J. 2008), the defendants were charged with conspiracy, mail fraud, and extortion (Counts 1-3), and with filing false

tax returns (Counts 4 and 5). When they moved to sever the tax charges, the district court adopted the approach recommended by the government in this case. Even though Counts 1, 2, and 3 were "wholly unrelated" to Count 4 (*id.* at 496), the court found that they were properly joined under Rule 8(a) because Counts 4 and 5 were of the "same or similar character" and Counts 5 and 3 arose from the same act or transaction (*id.* at 494-96). In other words, because Count 4 had a Rule 8(a) connection to Count 5, and Count 5 had a Rule 8(a) connection to Count 3, all counts could be tried together.

The Third Circuit disagreed: "[I]t is troublesome when the government plays 'connect-the-dots' in the manner it has done in this case. By linking one crime to another, statute by statute or subject by subject, the government can combine several cases in one." *United States v. Donna*, 366 F. App'x 441, 447-48 (3rd Cir. 2010). The Third Circuit nonetheless affirmed the defendants' convictions because the joinder of counts in that case did not have a substantial effect on the trial. *Id.* at 448.

Returning to our hypothetical, these cases in effect hold that Rule 8(a) connections between Counts A and B and Counts B and C do not provide a basis for joining Counts A and C for trial. These cases are consistent with the language of Rule 8(a), which states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged" have one of the three specified connections. Fed. R. Crim. P. 8(a). The offenses that must have one of the connections are "the offenses charged," which refers to the "2 or more offenses" that may be joined. The most natural reading of this language is that all of the offenses charged must have Rule 8(a) connections. The rule does not say that joinder is proper if "some of the offenses charged" have such connections.

These cases also comport with the purpose of Rule 8(a), which seeks to strike a balance between the efficiencies to be gained from trying related counts together and the prejudice to defendants that can result from a jury hearing incriminating evidence on a variety of charges. *Shellef*, 507 F.3d at 98. In our hypothetical, there is no efficiency gained from trying Counts A and C together, and little gained from the fact that they each have a link to Count B. The benefits available under Rule 8(a) are thus quite limited when

counts are linked seriatim, and do not outweigh the potential disadvantage of the jury hearing incriminating evidence on unrelated counts.

In this case, the government agrees that there is no Rule 8(a) connection between the first degree murder charged in Count 6 and the felon-in-possession and drug charges in Counts 1-4. The government also agrees that the drug charge in Count 3 has no Rule 8(a) connection to any count other than Count 2. The Court accordingly concludes that joinder of all counts is not proper under Rule 8(a).

The parties have cited, and the Court has found, no case within the Ninth Circuit addressing this issue.[2] The Court concludes, however, that the result in this order comports with Ninth Circuit law. In *United States v. Jawara*, the Ninth Circuit noted that although Rule 8(a) has been construed broadly in favor of joinder, "the joinder decision warrants scrutiny." 474 F.3d at 573. "At least one of Rule 8(a)'s conditions must be satisfied for proper joinder, and those conditions, although phrased in general terms, are not infinitely elastic." *Id.* (quotation marks and citation omitted). The greater level of scrutiny reflected in *Jawara* suggests that entirely unrelated counts may not be joined simply because they each have a Rule 8(a) link to a different count.[3]

**III. Conclusion.**

Count 6 has no Rule 8(a) connection to Counts 1-4. The government argues that Count 6 has a Rule 8(a) connection to Count 5 because they each arise out of the same act or transaction, but this fact cannot be drawn from the face of the indictment. The only link between Counts 6 and 5 in the indictment is the date on which they occurred. Doc. 3 at 3. Count 6 says nothing about the manner of the alleged killing, much less that it was

---

[2] At oral argument, defense counsel cited *United States v. Salyer*, No. CR S-10-061 LKK, 2011 WL 6153204 (E.D. Cal. Dec. 12, 2011). While *Salyer* did hold that RICO and antitrust counts were not properly joined under Rule 8(a), despite the fact that one of the antitrust counts had some facts in common with the RICO counts, it did not address the specific issue decided here.

[3] The government cites *United States v. Harris*, 686 F. App'x 474 (9th Cir. 2017), to supports its position. Although *Harris* appears to have involved an indictment similar to the one in this case – some counts were joined only because they were related to a single count in the indictment – the Ninth Circuit's unpublished decision did not address the issue discussed here. *See id.* at 476.

committed with the gun at issue in Count 5.  Although the parties submit additional information suggesting this fact, the Ninth Circuit's instruction is clear: "the validity of joinder is determined solely by the allegations in the indictment." *Jawara*, 474 F.3d at 572 (quoting *Terry*, 911 F.2d at 276).  The government could have included facts in the indictment that would support joinder of Counts 6 and 5, but it did not do so, and it "crafts a barebones indictment at its own risk." *Id*. at 578.

The same is true of Counts 2 and 3.  The only fact they have in common in the indictment is the date.  Doc. 3 at 2.  Nothing else in the indictment permits the Court to conclude that they arise out of the same act or transaction.

Counts 1, 2, 4, and 5 – each of which charges Defendant with being a felon in possession – are properly joined because they are of the same character under Rule 8(a). *See Rousseau*, 257 F.3d at 932 (proper to join felon in possession counts under Rule 8(a)).

The Court accordingly will sever Counts 3 and 6 from all other counts and from each other.  Counts 1, 2, 4, and 5 may be joined for trial, but Counts 3 and 6 must be tried separately from those counts and from each other.

**IT IS ORDERED** that Defendant's motion to sever (Doc. 65) is **granted** as set forth above.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(D) is found to run from March 11, 2021 to April 29, 2021.

Dated this 29th day of April, 2021.

_____
David G. Campbell
United States District Judge